IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CITY FIREFIGHTERS ASSOCIATION,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CITY OF CALIFORNIA CITY, a municipal corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CIV- F-06-1323 AWI DLB<br><br>ORDER CLOSING THE CASE DUE TO STIPULATION OF DISMISSAL WITH PREJUDICE |

On February 1, 2007, the parties filed a stipulation of voluntary dismissal with prejudice of this matter pursuant to Federal Rule of Civil Procedure 41(a)(1).

Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(i) allows a plaintiff to dismiss a complaint as a matter of right as long no answer or summary judgment motions have filed. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). Rule 41(a)(1)(ii) allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir.

1  1986).  Once the stipulation between the parties who have appeared is properly filed or made in
2  open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.
3  41(a)(1)(ii); In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Eitel, 782 F.2d at 1473 n.4.
4  Similarly, a plaintiff's dismissal under Rule 41(a)(1)(i) is effective on filing and no court order is
5  required.  Willson, 111 F.3d at 692.

6  Here, no answer or summary judgment motion has been filed or served, and both Plaintiff
7  and Defendant have filed a signed stipulation for dismissal with prejudice.  Accordingly, this
8  case has terminated.  See Fed. R. Civ. Pro. 41(a)(1); Wilson, 111 F.3d at 692; In re Wolf, 842
9  F.2d at 466.

10  Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to CLOSE this case in
11  light of the parties's  filed and signed Rule 41(a)(1) Stipulation Of Dismissal With Prejudice.

13  IT IS SO ORDERED.

14  **Dated:   February 2, 2007**                   /s/ Anthony W. Ishii
    0m8i78                                         UNITED STATES DISTRICT JUDGE

2